UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

NAMON TAYLOR,
    Plaintiff,
v.
GEORGE JAIME,
    Defendant.

Case No. 19-cv-05664-RMI

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Re: Dkt. No. 1

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Alameda County, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has paid the filing fee and consented to the jurisdiction of a Magistrate Judge. *See* (dkts. 7, 9).

**BACKGROUND**

Petitioner was convicted of committing two robberies and possessing a firearm as a felon. *People v. Taylor*, No. A148960, 2018 WL 3968496, at *1 (Cal. Ct. App. Aug. 20, 2018). Petitioner was sentenced to a 15-year term in state prison. *Id*. at 3. On direct appeal, the state appellate court remanded for the trial court to consider whether to impose the firearm-use enhancement, while affirming the judgment in all other respects. *Id*. at 7. Thereafter, the California Supreme Court denied review. *Pet*. (dkt. 1) at 3. Petitioner's state court habeas petitions were denied. *Id*. at 3-4.

//

//

//

**DISCUSSION**

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

As grounds for federal habeas relief, Petitioner asserts that: (1) the uncharged crime evidence that was presented to prove his identity unconstitutionally lightened the prosecution's burden of proof on the charged offense to permit the jury to find Petitioner was the offender in the uncharged crime by a preponderance of the evidence; (2) trial counsel was ineffective for failing to conduct a pretrial investigation, specifically for failing to challenge the search of Petitioner's car trunk; and (3) that evidence was illegally seized by police. *Pet*. (dkt. 1) at 3-6. Liberally construed, these claims are sufficient to require a response.

Petitioner has also requested the appointment of counsel. *See Pet.'s Mot.* (dkt. 2). The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." In the present case, the court finds that the interests of justice do not warrant the appointment of counsel at this time because the issues are not complex, and Petitioner has presented his claims adequately.

**CONCLUSION**

1. The motion to appoint counsel (Docket No. 2) is **DENIED**. The clerk shall serve by regular mail a copy of this order, the Petition and all attachments thereto and a Magistrate Judge Jurisdiction consent form on respondent and Respondent's counsel, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within fifty-six (56) days of the issuance of this order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a traverse with the court and serving it on Respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and Respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

//

//

3

**IT IS SO ORDERED.**

Dated: October 10, 2019

_____
ROBERT M. ILLMAN
United States Magistrate Judge