UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAMON TAYLOR,<br>　　　　Petitioner,<br>　v.<br>GEORGE JAIME,<br>　　　　Respondent. | Case No. 19-cv-05664-HSG<br><br>**ORDER GRANTING REQUEST TO STAY AND ABEY ACTION**<br><br>Re: Dkt. No. 12 |

Petitioner, a state prisoner incarcerated at California City Correctional Facility in California City, California, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is petitioner's motion to stay this action. Dkt. No. 12. For the reasons set forth below, petitioner's motion to stay this action is GRANTED.

## DISCUSSION

### I.　Procedural Background

On June 14, 2016, petitioner was convicted by an Alameda County Superior Court of committing two robberies and possessing a firearm as a felon. Dkt. No. 1 ("Pet.") at 2. Petitioner was sentenced to fifteen years in state prison. Pet. at 1. On direct appeal, the state appellate court remanded for the trial court to consider whether to impose the firearm-use enhancement, while affirming the judgement in all other respects. *People v. Taylor*, No. A148960, 2018 WL 3968496, at *7 (Cal. Ct. App. Aug. 20, 2018). In 2018, the California Supreme Court denied review. Pet. at 3. Petitioner filed a state habeas petition in Alameda County Superior Court, which was denied on November 30, 2018; filed a state habeas petition in the California Court of Appeals, which was denied on January 9, 2019; and filed a state habeas petition in the California Supreme Court, which was denied on June 12, 2019. Pet. at 3-4. On September 9, 2019, petitioner filed the

instant petition. Dkt. No. 1.

On October 10, 2019, the Court found that the petition stated the following cognizable claims for federal habeas relief: (1) the uncharged crime evidence that was presented to prove petitioner's identity unconstitutionally lightened the prosecution's burden of proof on the charged offense to permit the jury to find petitioner was the offender in the uncharged crime by a preponderance of the evidence; (2) trial counsel was ineffective for failing to conduct a pretrial investigation, specifically for failing to challenge the search of petitioner's car trunk; and (3) evidence was illegally seized by the police. Dkt. No. 11 at 2. The Court ordered respondent to show cause why a petition for a writ of habeas corpus should not be granted. *Id.*

## II. Motion to Stay

On October 11, 2019, petitioner filed a motion requesting that the Court stay this action and hold his petition in abeyance. Petitioner states that he only recently received the trial transcripts and that while reviewing the trial transcripts he found two additional constitutional violations. He stated that he is already in the process of exhausting his state court remedies for these claims, having already filed a second habeas petition in the state courts. He states that his one-year deadline to file will not expire until about June 2020. Petitioner requests that the Court hold his petition in abeyance until he has exhausted his state court remedies for his other two claims for federal habeas relief. At that time, petitioner intends to amend his petition to add these two claims. Because it does not appear that the AEDPA expiration period has expired and there does not appear to be any intentionally dilatory litigation tactic by petitioner, the Court GRANTS petitioner's motion to stay and hold these proceedings in abeyance.

## CONCLUSION

For the foregoing reasons, the Court orders as follows. Petitioner's motion for a stay is GRANTED. This action is now STAYED and the Clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until petitioner moves to reopen this action and lift the Court's stay.

//

//

//

2

This order terminates Dkt. No. 12.

**IT IS SO ORDERED.**

Dated: 11/27/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge