UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAMON TAYLOR,<br>　　　　Petitioner,<br>　v.<br>GEORGE JAIME,<br>　　　　Respondent. | Case No. 19-cv-05664-HSG<br><br>**AMENDED ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner currently incarcerated at California City Correctional Facility, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action had been stayed pursuant to petitioner's request so that petitioner could exhaust state court remedies for two additional claims that he had recently discovered. Dkt. No. 17. On February 25, 2020, the Court lifted the stay, reopened this action, screened the amended petition filed on February 20, 2020, and ordered respondent to show cause why relief should not be granted based on five claims for federal habeas relief raised in the amended petition. Dkt. No. 20. Petitioner has informed the Court that his amended petition raised a sixth claim, which was incorporated by reference. Dkt. No. 21. Accordingly, the Court issues the following amended order to show cause.

**AMENDED ORDER TO SHOW CAUSE**

The Court reviews below petitioner's amended petition (Dkt. No. 19) pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

According to the amended petition, in 2016, petitioner was convicted by an Alameda

1  County jury of committing two robberies (Cal. Penal Code § 211) and possessing a firearm as a
2  felon (Cal. Penal Code § 12022.53). Dkt. No. 19 ("Am. Pet.") at 1-2. In addition, a prior prison
3  term enhancement was pled and proven. Am. Pet. at 2. Petitioner was sentenced to twenty-five
4  years in state prison. Am. Pet. at 1.

On direct appeal, the state appellate court remanded for the trial court to consider whether to impose the firearm-use enhancement, while affirming the judgment in all other respects. Am. Pet. at 3. Thereafter, the California Supreme Court denied review. *Id.* Petitioner's state court habeas petitions were denied. *Id.* at 3-4.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

Petitioner claims that he is entitled to federal habeas relief because (1) trial counsel was ineffective for failing to conduct a reasonable pre-trial investigation, for failing to challenge the warrantless search of petitioner's car trunk, for failing to file a motion to suppress the evidence found pursuant to the warrantless search, for failing to investigate whether the San Leandro Police Department had a standing policy regarding impounding and inventorying vehicles, and for failing to object when the prosecution elicited and allowed testimony regarding a series of robberies that had been excluded; (2) the evidence used to convict petitioner was seized as the product of an unconstitutional search and seizure in violation of the Fourth and Fourteenth Amendment; (3) there was insufficient evidence to support the conviction for possession of a firearm; (4) the prosecutor committed misconduct when the prosecutor elicited and allowed testimony regarding a series of robberies that had been excluded; (5) appellate counsel was ineffective for failing to raise

on direct appeal the ineffective assistance of trial counsel claims and the prosecutorial misconduct claim and (6) the trial court erred in allowing the use of an uncharged prior offense to prove identity in the charged offense. Liberally construed, these claims are sufficient to require a response.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty-five (35) days** of the date the answer is filed.

2. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

3. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

//

//

1    4.  Upon a showing of good cause, requests for a reasonable extension of time will be
2  granted provided they are filed on or before the deadline they seek to extend.
3  **IT IS SO ORDERED.**
4  Dated: 4/29/2020

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge